## Abstract of the Decision.

VENDOR AND PURCHASER, § 324*—*when purchaser may recover money paid.* In an action upon an oral contract by which a plaintiff was to obtain from a defendant his interest in certain lands, or in contracts for the purchase of such lands, where it appeared that the defendant sold such interest to another than the plaintiff, to avoid payment of interest, and taxes and forfeiture, *held*, that the defendant did not have a right to forfeit such contract but that it was rescinded by mutual consent, wherefore the plaintiff, or vendee, had the right to recover from the vendor money paid on the contract.

Hayes Pump & Planter Company, Appellee, v. The Assurance Company of America, Appellant.

Gen. No. 17,917.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed October 14, 1913. Rehearing denied October 28, 1913.

## Statement of the Case.

Action by Hayes Pump and Planter Company, a corporation, against The Assurance Company of America for $4,251.76, with interest, on account of a loss by fire in Kansas City, Mo., October 12, 1909. The basis of the claim, as appears from the statement of claim, is that there was an adjustment between the parties at this amount, and suit was brought not upon the policy itself but upon the implied promise to pay, created, if at all, by the alleged settlement.

The affidavit of defense denies in form the promise to pay, and sets out that the liability of the defendant, if any, is for the sum of $2,763.65. From a judgment for plaintiff for $4,251.76 and interest, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

BARGER & HICKS, for appellant.

LASLEY & LASLEY, for appellee. .

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

INSURANCE, § 485*—*what is effect of adjustment.* Where an adjustment of fire losses was completed and agreed to and the total amount of the loss was properly ascertained, but the amount chargeable to one company was erroneous because of a coinsurance clause in its policy, *held*, the adjustment gave rise to an implied promise to pay the sum justly apportionable to such company according to its policy, and the company was not required to pay a larger sum because of a misconception of its adjuster and the insured.

---

Frank B. Pease, Appellant, v. David L. Frank et al., Appellees.

Gen. No. 17,925.

1. NOTICE, § 27*—*what is extent of notice of filing of attachment.* The proper construction of section 9 of the Attachment Act, J. & A. ¶ 500, is that from and after the filing of a certificate of levy such levy shall take effect as to creditors of, and bona fide purchasers from "the attachment debtor" without notice; and it was not intended by the legislature that the filing of an attachment lien against real estate in which it might be claimed the defendant had an equitable interest should operate as notice to grantees or others claiming under the holder of the legal title, but rather to those to whom the owner of the equitable title might convey.

2. EQUITY, § 404*—*when master's fees are not excessive.* An allowance of two hundred and fifty dollars, where a master spent fourteen days' time in connection with a case, there being numerous continuances, is not excessive.

Appeal from the Superior Court of Cook county; the Hon. WIL- LIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Ap-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.